(84 Misc. Rep. 32)

### RINDSKOPF v. ZIMMER.

(Supreme Court, Appellate Term, First Department. February 11, 1914.)

1. SET-OFF AND COUNTERCLAIM (§ 49*)—CLAIMS ALLOWABLE—ACTION ON ASSIGNED CLAIM.
    Under Code Civ. Proc. § 502, respecting allowance of counterclaims, defendant's demand against the assignor of the claim sued on, for reimbursement, pursuant to contract, for money paid out on his behalf prior to the assignment of the claim to plaintiff, should have been allowed as a counterclaim to the amount of plaintiff's demand.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–112, 114–117; Dec. Dig. § 49.*]

2. COSTS (§ 277*)—FAILURE TO PAY—STAY OF PROCEEDINGS—COUNTERCLAIM.
    The defendant's right to interpose a counterclaim to the amount of plaintiff's demand, without asking affirmative relief, was not barred by his failure to pay costs of a prior appeal; Code Civ. Proc. § 779, relative to stay of proceedings for failure to pay costs, not applying in such case.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from City Court of New York, Trial Term.

Action by Max Rindskopf against Benjamin Zimmer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Gallert & Heilborn, of New York City, for appellant.
Arnold Lichtig, of New York City, for respondent.

SEABURY, J. The complaint alleges that one Gimbel sold and delivered a Buick touring car to the defendant, and that the defendant agreed to pay therefor the sum of $1,500, and that prior to the com-

─────────────

mencement of this action Gimbel duly assigned his claim to this plaintiff. The answer admits all the allegations of the complaint, except that Gimbel assigned to plaintiff, and as a counterclaim alleges that Gimbel and defendant made their joint promissory note to one Hilder for $5,000, and that, to induce the defendant to sign said promissory note, Gimbel agreed that he would indemnify the defendant to the extent of one-half part of everything that defendant paid on said note, and that after the maturity of the note, and before the alleged assignment by Gimbel to the plaintiff, the defendant paid the note, together with $300 interest thereon, and that no part of said $2,600 has been paid to him, and demands judgment dismissing the complaint.

[1] The defendant's demand against Gimbel was in existence at the time of Gimbel's assignment to the plaintiff and should have been allowed as a counterclaim to the amount of plaintiff's demand. Code of Civ. Proc. § 502.

[2] The contention that defendant should not be permitted to prove the allegations of his answer because of his failure to pay the costs of a prior appeal is without merit. Section 779 of the Code of Civil Procedure has no application to such a case as this, where the defendant asks no affirmative relief and takes no onward step in the action but acts merely in self-defense to a claim urged against him. The counterclaim, not having been pleaded against the original debtor, was available as against the plaintiff, as assignee of the original debtor, only "to the amount of plaintiff's demand." Section 502, Code of Civ. Proc. The counterclaim was available in this action only as a defense and for the purpose of defeating plaintiff's recovery. The defendant sought to avail himself of the counterclaim only for defensive purposes and not for aggression, and this defense the defendant could not be stayed from proving merely because of his failure to pay the costs of a prior appeal.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.